United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDDIE CANEDO,

    Plaintiff,

    v.

AVIS BUDGET GROUP INC., et al.,

    Defendant.

No. C 14-02921 SI

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND**

Currently before the Court is the motion to dismiss filed by defendant Teamsters Local Union No. 665. The motion is scheduled for hearing on September 19, 2014. Docket No. 13. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby GRANTS defendant's motion to dismiss and GRANTS plaintiff leave to amend.

**BACKGROUND**

Plaintiff Eddie Canedo is a Filipino man born on February 18, 1950. First Amended Complaint (FAC) ¶¶ 8, 28. Plaintiff alleges that he was hired by the Avis defendants[1] in 1996 and worked as a shuttler of vehicles at the San Francisco Airport until his employment was terminated on January 17, 2013. *Id*. ¶¶ 9, 10, 13. Plaintiff was also a member of defendant Teamster Local Union No. 665 ("the

---

[1] Plaintiff sues Avis Budget Group, Inc., AB Car Rental Services, Inc., and Avis Budget Car Rental, LLC, and alleges that he was hired by "defendants or their predecessor entities." FAC ¶9.

Union"). *Id.* ¶ 11. According to plaintiff, he was replaced by a younger, non-Asian person; he filed a grievance with the Union on January 17, 2013, "to no avail." *Id.* ¶¶ 14, 15, 30, 40. Plaintiff alleges wrongful termination and discrimination on the basis of his age, race, and national origin in violation of the California Fair Employment and Housing Act ("FEHA").

On March 12, 2014, plaintiff made a complaint of discrimination under FEHA with the California Department of Fair Employment and Housing (DFEH) and requested a right to sue notice; the DFEH issued plaintiff a notice a right to sue notice on the same day. Docket No. 1, Ex. A. Plaintiff filed this case in San Mateo Superior Court on March 28, 2014.[2] Defendants Avis Budget Group, Inc., AB Car Rental Services, Inc., and Avis Budget Car Rental, LLC filed answers to the complaint on June 24, 2014 and removed the case to this Court on June 25, 2014. Docket No. 1, Exs. A, B. On July 1, 2014, the Union filed this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Docket No. 13.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

---

[2] The operative complaint is the first amended complaint plaintiff filed in state court on May 28, 2014. Docket No. 1, Ex. B.

In reviewing a Rule 12(b)(6) motion, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff. *See al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). However, a district court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In considering a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings. *See MGIC Indemn. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

Plaintiff contends that his complaint states sufficient facts to support causes of action against the Union for discrimination, retaliation, aiding and abetting, and failure to prevent discrimination pursuant to FEHA.[3] The Union argues that each cause of action is based on the premise that the Union terminated or failed to reinstate plaintiff's employment, yet the complaint fails to allege such facts since the Union was not plaintiff's employer.

"The FEHA establishes a comprehensive scheme for combating employment discrimination." *Brown v. Superior Court*, 37 Cal. 3d 477, 485 (Cal. 1984). "The FEHA affords California employees broad protection against discrimination, harassment, and retaliation on any of a wide range of impermissible bases." *McDonald v. Antelope Valley Community College Dist.*, 45 Cal. 4th 88, 106 (Cal. 2008). Pursuant to FEHA, it is an unlawful employment practice for:

> a labor organization, because of the race . . . national origin . . . [or] age . . . to restrict from its membership the person, or to provide only second-class or segregated

---

[3] Plaintiff has withdrawn his fourth, fifth, and sixth causes of action against the Union which were claims based on violations of public policy. Plaintiff's Supplemental Opposition at 8.

3

      membership or to discriminate against any person because of the race . . . national origin . . . [or] age . . . of the person in the election of officers of the labor organization or in the selection of the labor organization's staff or to discriminate in any way against any of its members or against any employer or against any person employed by an employer.

Cal. Gov. Code § 12940(b).

      In his supplemental opposition to the Union's motion to dismiss, plaintiff argues that the Union discriminated against him by not protecting his rights against the Avis defendants and by not pursuing his grievance in the same manner as it protected and pursued the claims of two younger, non-Asian, non-Filipino workers who committed the same violations plaintiff allegedly committed. Opp. at 6. However, the operative complaint contains no facts to support this position. Plaintiff alleges that he "learned that non-Filipino persons were reinstated even though they committed the same violations that plaintiff allegedly committed and for which plaintiff was terminated," and plaintiff "requested his employer, through the Union, to be reinstated. [sic] Plaintiff was not reinstated." FAC ¶ 31-32. The complaint states that "[d]efendants' termination of plaintiff' [sic] employment and/or failure to reinstate constitutes discrimination based on NATIONAL ORIGIN in violation of Cal. Gov. Code § 12940 et seq." *Id.* ¶ 33. However, nowhere in the complaint does plaintiff allege facts as to the Union's role in his termination. Further, plaintiff has not alleged facts specific to the Union's handling of his grievance, nor has he alleged facts suggesting that the Union addressed his grievance differently than it addressed the grievances of younger, non-Asian, non-Filipino members.

      The amended complaint also fails to state claims for retaliation, aiding and abetting, and failure to prevent discrimination. Plaintiff has not alleged facts that he was engaged in protected activity and that there was a causal link between that activity and any action or inaction by the Union. *See Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (Cal. 2005); *see also Stegall v. Citadel Broadcasting Co.*, 350 F.3d 1061, 1065-66 (9th Cir. 2003). Nor has plaintiff alleged that the Union knew the employer's conduct constituted discrimination, yet gave substantial assistance or encouragement to the employer to so act. *See Vernon v. State*, 116 Cal. App. 4th 114, 135 (2004); *see also Fiol v. Doellstedt*, 50 Cal. App. 4th 1318, 1325 (1996). Finally, because plaintiff has failed to state a claim for discrimination under FEHA, his claim for failure to prevent discrimination must also fail. *See Rope v. Auto-Chlor Sys.*,

4

220 Cal. App. 4th 635, 660 (2013) ("An actionable claim under section 12940, subdivision (k) is dependent on a viable claim for discrimination.").

For the reasons discussed, the Court GRANTS defendant's motion to dismiss and GRANTS plaintiff leave to amend. Any amended complaint must be filed no later than **October 8, 2014**.

**IT IS SO ORDERED.**

Dated: September 17, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE