UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE CANEDO,<br><br>    Plaintiff,<br><br>    v.<br><br>AVIS BUDGET GROUP, INC., et al.,<br><br>    Defendants. | Case No. 14-cv-02921-SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND** |

Defendant's motion to dismiss is currently scheduled for hearing on December 5, 2014. Docket No. 36. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby GRANTS defendant's motion to dismiss and GRANTS plaintiff leave to amend.

**BACKGROUND**

Plaintiff Eddie Canedo is a Filipino man born on February 18, 1950. Second Amended Complaint (SAC) ¶¶ 9, 23, 35. Plaintiff alleges that he was hired by the AVIS defendants in 1996 to work as a shuttler of vehicles at the San Francisco Airport and was a member of defendant Teamster Local Union No. 665 ("the Union"). *Id*. ¶¶ 10-12. Plaintiff's employment was terminated on January 17, 2013; according to plaintiff, he was replaced by a younger person. *Id*. ¶¶ 14-15.

On January 17, 2013, plaintiff filed a grievance with the Union through Charles Andrew, but Andrew did not notify plaintiff of the progress of his grievance. *Id*. ¶ 17. Further, plaintiff alleges that in October 2013 he learned that two younger, non-Asian, non-Filipino persons who

1 were also union members were reinstated, even though they committed the same violations that
2 plaintiff allegedly committed and for which he was terminated. *Id.* ¶ 19. Plaintiff requested
3 reinstatement by his employer through Andrew in November 2013. *Id.* ¶ 20. Andrew told
4 plaintiff that the AVIS District Manager would take plaintiff back, but that the manager needed to
5 speak with Human Resources first. *Id.* But Andrew did not contact plaintiff about his
6 reinstatement in December 2013, January, or February 2014. *Id.* ¶ 21.

In February or March 2014, plaintiff complained to the President of the Union that the Union was not fighting for his rights as it had for the other two employees. *Id.* ¶ 23. Plaintiff asked the President if this was because he was a Filipino and the other two employees were Hispanic and younger than plaintiff. *Id.* Plaintiff was never reinstated to his position. *Id.* ¶ 24. Plaintiff alleges discrimination on the basis of his age, race, and national origin as well as retaliation, aiding and abetting, and failure to prevent discrimination in violation of the California Fair Employment and Housing Act ("FEHA").

Plaintiff filed this case in San Mateo Superior Court on March 28, 2014.[1] Defendants Avis Budget Group, Inc., AB Car Rental Services, Inc., and Avis Budget Car Rental, LLC removed the case to this Court on June 25, 2014. Docket No. 1, Exs. A, B. On July 1, 2014, the Union filed a motion to dismiss plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Docket No. 13. The Court granted the Union's motion and granted plaintiff leave to amend the complaint. Docket No. 29. Now before the Court is the Union's motion to dismiss plaintiff's second amended complaint. Docket No. 36.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to

---

[1] On March 12, 2014, plaintiff filed a complaint of discrimination under FEHA with the California Department of Fair Employment and Housing (DFEH) and requested a right to sue notice; the DFEH issued plaintiff a notice a right to sue notice on the same day. Docket No. 1, Ex. A.

1  "more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.
2  Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a
3  plaintiff must allege facts sufficient to "raise a right to relief above the speculative level."
4  *Twombly*, 550 U.S. at 544, 555. "A pleading that offers 'labels and conclusions' or 'a formulaic
5  recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting
6  *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid
7  of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "While legal
8  conclusions can provide the framework of a complaint, they must be supported by factual
9  allegations." *Id*.

10  In reviewing a Rule 12(b)(6) motion, a district court must accept as true all facts alleged in
11  the complaint, and draw all reasonable inferences in favor of the plaintiff. *See al-Kidd v. Ashcroft*,
12  580 F.3d 949, 956 (9th Cir. 2009). However, a district court is not required to accept as true
13  "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable
14  inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Moreover, "the
15  tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable
16  to legal conclusions." *Iqbal*, 556 U.S. at 678. In considering a motion to dismiss, the court may
17  take judicial notice of matters of public record outside the pleadings. *See MGIC Indemn. Corp. v.
18  Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). If the Court dismisses a complaint, it must decide
19  whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court
20  should grant leave to amend even if no request to amend the pleading was made, unless it
21  determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v.
22  Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

### DISCUSSION

25  Plaintiff argues that his second amended complaint states sufficient facts to support his
26  claims against the Union for discrimination, retaliation, aiding and abetting, and failure to take all
27  reasonable steps necessary to prevent discrimination under the FEHA. The Union counters that
28  plaintiff still fails to allege facts suggesting that the Union treated plaintiff differently than other

3

union members.

"The FEHA establishes a comprehensive scheme for combating employment discrimination." *Brown v. Superior Court*, 37 Cal. 3d 477, 485 (Cal. 1984). "The FEHA affords California employees broad protection against discrimination, harassment, and retaliation on any of a wide range of impermissible bases." *McDonald v. Antelope Valley Community College Dist.*, 45 Cal. 4th 88, 106 (Cal. 2008). Pursuant to FEHA, it is an unlawful employment practice for:

> a labor organization, because of the race . . . national origin . . . [or] age . . . to restrict from its membership the person, or to provide only second-class or segregated membership or to discriminate against any person because of the race . . . national origin . . . [or] age . . . of the person in the election of officers of the labor organization or in the selection of the labor organization's staff or to discriminate in any way against any of its members or against any employer or against any person employed by an employer.

Cal. Gov. Code § 12940(b).

Plaintiff argues that he has pled facts that plausibly suggest that two employees outside of his protected class (younger, non-Asian, non-Filipino employees) were treated more favorably. Opp. at 4. According to plaintiff, the Court may infer that the Union grieved the terminations of the other employees, took steps necessary to have them reinstated, yet did not do the same for plaintiff. Opp. at 4. However, the second amended complaint does not allege that the other two employees filed grievances with the Union. The closest plaintiff comes to making such an assertion is the statement, "plaintiff complained to the President of Teamsters Local Union 665 that the Union was not fighting for his rights as the Union had done for the two other employees." SAC ¶ 23. Accordingly, plaintiff has failed to allege facts sufficient to state a claim for discrimination against the Union.

Plaintiff's claims against the Union for failure to prevent discrimination, retaliation, and aiding and abetting similarly fail. Because plaintiff has failed to state a claim for discrimination under FEHA, his claim against the Union for failure to prevent discrimination must also fail. *See Rope v. Auto-Chlor Sys.*, 220 Cal. App. 4th 635, 660 (2013). As to plaintiff's claim for retaliation, the second amended complaint fails to allege facts that there was a causal link between a protected activity and the Union's action or inaction. *See Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028,

1042 (2005); *see also McRae v. Department of Corrections and Rehabilitation*, 142 Cal. App. 4th 377, 386 (Cal. App. 2006). Plaintiff has also failed to allege facts that the Union gave substantial assistance or encouragement to the employer to commit prohibited discrimination. *See Vernon v. State*, 116 Cal. App. 4th 114, 135 (Cal. App. 2004). Accordingly, the Court GRANTS the Union's motion to dismiss.

The Court GRANTS plaintiff leave to amend. Any amended complaint must be filed no later than **December 17, 2014,** and must include specific factual allegations to state a claim against the Union as outlined above.

**IT IS SO ORDERED**.

Dated: November 26, 2014

SUSAN ILLSTON
United States District Judge